IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | | |
|---|---|---|
| Stefan Witcher, | ) | |
| | ) | Civil Action No.8:06-1524-RBH-BHH |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| The Kroger Company, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on the plaintiff's motion to remand styled as an Objection to Notice of Removal and Removal. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

The plaintiff contends that service of process in this case was not proper and, therefore, no action has been commenced such that the defendant could even remove the case. In support, the plaintiff argues that the defendant has "pled that service of process was improper." Of course, the defendant has not "pled" anything in this case because no "pleading" as defined by the rules of civil procedure has been filed on its behalf. *See* Fed. R. Civ. P. 7(a). The defendant has, however, filed a motion dismiss, which nowhere contests the propriety of service, and a response to this present motion to remand, which expressly indicates no objection to the sufficiency of service. In fact, the defendant has demonstrated that it voluntarily waived service and any objection thereto, (Reply Obj. Removal at 1-2 & Ex. A), which is its right to do under the rules, *see* Fed. R. Civ. P. 4(d) &12(h)(1); S.C. R. Civ. P. 4(d) ("Voluntary appearance by defendant is equivalent to

personal service.") & 12(h).  It is true that "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).  In this case, the Court is persuaded that the defendant has waived service.

If, however, the plaintiff  is, in fact, seeking a voluntary dismissal of his case, as the defendant has generously recommended,  the Court is certainly inclined to consider such a request.  But the plaintiff has not yet satisfied the requirements of Federal Rule of Civil Procedure 41(a) such that the Court may consider his motion to remand as one for voluntary dismissal.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that the defendant's motion to remand be DENIED.

IT IS SO RECOMMENDED.


s/Bruce H.  Hendricks
United States Magistrate Judge


October 26, 2006

Greenville, South Carolina