IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Stefan Witcher, )<br>)<br>                  Plaintiff, )<br>)<br>vs. )<br>)<br>The Kroger Company, )<br>)<br>                  Defendant. )<br>) | Civil Action No.8:06-1524-RBH-BHH<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

This matter is before the Court on the defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The plaintiff has pled claims for wrongful termination, breach of contract, and retaliation pursuant to S.C. Code § 40-1-80.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

**FACTUAL BACKGROUND**

The following is a recitation of the facts as presented by the plaintiff in his Complaint, taken in a light most favorable. The plaintiff was hired by the defendant on or about April 7, 2002. (Compl. ¶ 4.) On or about April 23, 2004, the plaintiff was involved in a workplace accident and thereafter filed a workers' compensation claim. (Compl. ¶ 7.) The plaintiff contends that in retaliation for his workers' compensation claim, his employment was terminated on April 30, 2004. (Compl. ¶ 8.) The plaintiff also contends that in the termination of his employment, the defendant violated mandatory procedures in its employee handbook, which constituted a contract. (Compl. ¶ 5, 10, 13.)

**APPLICABLE LAW**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993) (citations omitted).

**ANALYSIS**

**I.    WRONGFUL TERMINATION/DISCHARGE**

The defendant first contends that the plaintiff's "wrongful termination" claim must be dismissed because it is not a claim recognized under South Carolina law. The Court agrees, in part, and disagrees, in part. Contrary to the defendant's assertion, South Carolina does recognize a claim specifically styled as one for "wrongful discharge/termination" based upon the modification of an at-will employment arrangement arising out of the terms of an employee handbook. *See Hessenthaler v. Tri-County Sister Help, Inc.*, 616 S.E.2d 694, 697 (S.C. 2005); *Conner v. City of Forest Acres*, 348 S.C. 454, 464, 560 S.E.2d 606, 610 (2002) ("[W]here the at-will status of the employee is altered by the terms of an employee handbook, an employer's discharge of an employee may give rise to a cause of action for wrongful discharge.") The Court, however, does agree that the plaintiff has not pled a claim for wrongful discharge in violation of public policy, which is a separate cause. *See Ludwick v. This Minute of Carolina, Inc.*, 337 S.E.2d 213 (1985). The Court further agrees that the plaintiff's first and second causes of action, therefore, are essentially one in the same under South Carolina law. S*ee Hessenthaler*, 616 S.E.2d at 697 (stating the employee "may bring a cause of action for wrongful discharge based on breach of contract). They will be treated accordingly by the Court.

In regards to these same claims, the defendant next contends that they are subject to federal preemption under Section 301 of the Labor Management Relations Act.  *See* 29 U.S.C. § 185(a); *Davis v. Bell Atlantic-W. V., Inc.*, 110 F.3d 245, 247 (4th Cir. 1997).  To that end, the defendant has submitted for the Court's consideration (a) the affidavit of an attorney for the defendant; (b) the Collective Bargaining Agreement ("CBA") between itself and the Union; and (3) an Arbitral Award in favor of the defendant concerning a grievance filed by the plaintiff.  The defendant argues that these materials demonstrate that the claims at issue in this lawsuit are "inextricably intertwined with" the substantive provisions of the CBA such that they are preempted under federal law.  *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985).

The plaintiff, however, rightly objects that the defendant has submitted materials outside of the pleadings that are not properly considered on a motion to dismiss, s*ee* Fed. R. Civ. P. 12(b).  However, it is rudimentary, that if the Court is presented with materials outside the pleadings and does not exclude them, "the motion shall be treated as one for summary judgment . . . and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56." Fed. R. Civ. P. 12(b); *see Gay v. Wall*, 761 F.2d 175, 177-78 (4th Cir.1985).  The Fourth Circuit has stated that "reasonable opportunity" requires that all parties be given "'some indication by the court . . . that it is treating the 12(b)(6) motion as a motion for summary judgment,' with the consequent right in the opposing party to file counter affidavits or pursue reasonable discovery."  *Id*. at 177 (quoting *Johnson v. RAC Corp.*, 491 F.2d 510, 513 (4th Cir.1974)).

The plaintiff has specifically objected to conversion of the motion to one for summary judgment and the Court has not given notice of any such conversion. Moreover, there are issues of dispute which the Court cannot resolve on the pleadings alone or even in conjunction with the materials submitted by the defendant.  For example, the plaintiff

3

disputes that he is even covered by the CBA.[1]   And, while the Court may give notice of conversion of the motion, a party still must be afforded a "reasonable opportunity for discovery." *Gay*, 761 F.2d at 177.

The Court, therefore, declines to convert the motion but will give the defendant leave to refile its motion as one for summary judgment after December 14, 2006. The parties are operating under a scheduling order, which is presently stayed. The deadline for discovery under that order is December 14, 2006. The parties, therefore, shall be permitted limited discovery through that date, related solely to the issue of whether or not the plaintiff's claim for breach of contract is preempted.[2]   Afterwards, the defendant is granted leave to immediately renew his motion for dismissal as one for summary judgment thereon.

## II.    RETALIATION CLAIM UNDER THE SOUTH CAROLINA WORKERS' COMPENSATION

The plaintiff's third cause of action arises under South Carolina Code Section 41-1-80, which provides in relevant part that "[n]o employer may discharge or demote any employee because the employee has instituted or caused to be instituted, in good faith, any proceeding under the South Carolina Workers' Compensation Law [the "Act"] . . . ." S.C. Code § 41-1-80.   "The statute of limitations for actions under this section is one year." S.C. Code § 41-1-80 (emphasis added). It does not appear that the South Carolina courts have had any occasion to interpret or apply the statute of limitations provision under Section 41-1-80.

---

[1] In fact, there even remains issues as to the basis of the plaintiff's claim. In his Complaint, the plaintiff has alleged that the defendant breached provisions of the employee handbook and not necessarily any violation of the CBA. Resolution of that issue may effect the preemption analysis. In short, the Court does not even know the specifics of the accusations against the defendant. But it is enough, for now, that the plaintiff has properly pled the elements of a wrongful termination/breach of contract claim.

[2] The plaintiff has also submitted materials outside of the pleadings for the Court's consideration, while at the same time objecting generally to conversion of this motion. Such is not uncommon, *see, e.g., Gay*, 761 F.2d at 177 (reversing 12(b)(6) ruling for improper conversion of motion even though plaintiff had submitted four affidavits; the plaintiff had contested conversion, although "inartfully" so), and is no obstacle to the Court's procedural remedy under the circumstances.

4

The plaintiff's Complaint alleges that he filed a Workers' Compensation ("WC") claim on April 23, 2004. The Complaint further represents that the plaintiff was terminated "on or about April 30, 2004." (Compl. ¶ 8.) His claim for retaliation under the Act, however, was not filed until April 4, 2006. (Compl. at 1.) Accordingly, the defendant contends that the plaintiff's retaliation claim was clearly filed over a year after his termination.

The plaintiff responds that his retaliation claim did not actually "vest" until "February 10, 2006 when the parties determined the claim to be valid as recognized with the Agreement and Release executed by the Defendant and Plaintiff approved by the South Carolina Workers' Compensation Commission on March 3, 2006 – because otherwise there would be no basis for a retaliation claim involving an invalid Workers' Compensation claim." (Pl. Resp. Mot. Dismiss at 8.) The plaintiff's meaning is not fully clear to the Court. He appears to contend that an Agreement and Release executed by the parties (related to his WC claim) proves that he had a legitimate claim to WC benefits. By extension, therefore, the plaintiff reasons that his retaliation claim arose, for the first time, at the moment the Agreement was executed, because the Agreement is a concession of the defendant that the claim was proper in the first instance.

First a settlement agreement is not necessarily an admission of liability. Litigants routinely settle for reasons other than liability, including economic ones. In other words, the settlement itself does not necessarily vindicate or make "valid" the plaintiff's underlying WC claim.

Second, the Court does not read Section 41-1-80 to require that the underlying WC claim for benefits ultimately prove to be a legitimate one before a claim of retaliation may lie. The plain language of the statute states that "[n]o employer may discharge or demote any employee because the employee has **instituted or caused to be instituted, in good faith**, any proceeding under the South Carolina Workers' Compensation Law." S.C. Code § 41-1-80. Retaliation for simply initiating a WC proceeding, therefore, is actionable

5

whether or not the claimant ever prevails.  In fact, the presence of the phrase "good faith" necessarily implies that a claim for retaliation may lie even where the claim ultimately proves ineffective, so long as the employee had a good faith belief at the initiation of the WC proceeding that he was entitled to some benefit under the Act.

Accordingly, the Court finds that the statute of limitations for a retaliation claim under Section 41-1-80 begins to run at the time of the retaliatory act, assuming of course that the employee knew or should have known that the act was, in fact, retaliatory in nature.  *See, e.g., Graham County Soil & Water Conservation Dist. v. U.S.*  545 U.S. 409, 419 (U.S. 2005) (False Claim Act case) (noting that generally statutes of limitations periods for statutory retaliation actions start to run "when the retaliatory action occurs").  Moreover it does not appear that there is any basis under South Carolina law to toll the statute of limitations for an employee's retaliation claim during the pendency of any WC proceeding.  *Cf.  Hopkins v. Floyd's Wholesale*, S.E.2d 907 (S.C. 1989) (holding that estoppel will toll the statute of limitations during the period of reliance if an employer "induces a claimant to believe the claim is compensable and will be taken care of without its being filed within the period required by statute.")  As a result, the plaintiff's claim began to run on April 30, 2004, when the plaintiff alleges that the defendant retaliated against him by terminating his employment for filing a WC claim.  His retaliation claim filed on April 4, 2006, therefore, is out of time.

### III. *RES JUDICATA*

Finally, the defendant contends that the doctrine of *res judicata* bars the plaintiff's present claims.  *See In re Varat Enters., Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996); Keith v. Aldridge, 900 F.2d 736, 740 (4th Cir. 1990).  The defendant argues that the plaintiff's claims were all previously adjudicated against him in arbitration and are barred on the grounds of claim preclusion.  In support, the defendant relies upon the Eleventh Circuit decision in *Greenblatt v. Drexel Burnham Lambert, Inc.*, 763 F.2d 1352, 1360 (11th Cir. 1985).  In

*Greenblatt*, the court concluded that "[w]hen an arbitration proceeding affords basic elements of adjudicatory procedure . . . the determination of issues in an arbitration proceeding should generally be treated as conclusive in subsequent proceedings, just as determinations of a court would be treated."

However, the United States Supreme Court has indicated that "[b]ecause federal courts are not required by statute to give *res judicata* or collateral-estoppel effect to an unappealed arbitration award, any rule of preclusion would necessarily be judicially fashioned." *McDonald v. City of West Branch, Mich*., 466 U.S. 284 (no preclusive effect in 1983 actions). And while other jurisdictions have expressly held that arbitration awards have *res judicata* effect in subsequent lawsuits, *see Greenblatt*, 763 F.2d at 1360; *Sanders v. Washington Metropolitan Area Transit Authority*, 819 F.2d 1151, 1157-58 (D.C. Cir. 1987), the Court has been unable to find any Fourth Circuit decision doing so. Accordingly, the Court is disinclined to find that the arbitration award in this case has preclusive effect. The Court, however, will reserve judgment on the issue until after the expiration of the limited discovery period. At that time, the defendant may also renew its *res judicata* argument. Some of the same basic factual issues affecting the preemption issue may very well inform the Court on the preclusion defense as well.[3] The parties are also invited to elaborate their briefing on both issues – preemption and *res judicata*.

---

[3] It bears repeating that none of the facts related to the collective bargaining agreement or the arbitral award are even mentioned in the plaintiff's Complaint. To the extent any of that information is before the Court regarding such matters, it is the result of representations and submissions by the defendant outside of the pleadings. The Court simply cannot make a proper analysis of the preemption or *res judicata* issues in this procedural posture.

7

**CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that the defendant's motion do dismiss [4] be GRANTED, in part, and DENIED, in part, with leave to refile a motion for summary judgment after a period of limited discovery, through December 14, 2006, in accordance with this Order. Specifically, the defendant's motion to dismiss is granted as to the plaintiff's retaliation claim but denied as to all others without prejudice to the defendant's ability to renew its arguments thereto.

IT IS SO RECOMMENDED.

s/Bruce H. Hendricks
United States Magistrate Judge

November 1, 2006

Greenville, South Carolina